UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LNV Corporation,

Plaintiff,

v.

Civil No. 13-1926 (JNE/LIB)
ORDER

Outsource Service Management, LLC, and
BF-Negev, LLC,

Defendants.

This case is before the Court on LNV Corporation's Motion for Attorneys' Fees and Nontaxable Expenses. LNV initially sought an award of $1,082,219.09. It reduced its request to $1,069,596.59. For the reasons set forth below, the Court awards LNV reasonable attorneys' fees and costs in the amount of $651,030.96.

This case arose out of participations in two construction loans, known as the Grande Palisades loan and the Bahia loan. None of the litigants here was an original party to the participation agreements governing those two participations. Outsource Service Management, LLC (OSM), succeeded to the role of the lead lender for the Grande Palisades loan. BF-Negev, LLC, succeeded to the role of the lead lender for the Bahia loan. LNV succeeded to the role of a participating bank in each of the two loans.

The parties disputed who owed money to whom with respect to these two participations. In its Complaint, LNV claimed on a variety of contract and non-contract theories that OSM and BF-Negev, in their roles as lead lenders, improperly refused to disburse its share of the monies that have been collected on the two loans. Reading the contracts and law that govern the participations differently, OSM and BF-Negev asserted

in their joint answer and counterclaims that it is LNV, in its role as participant in the two loans, who failed to fulfill its obligation to pay its share of the loans' principal and administrative costs.

At the outset of the case, the Court heard two consecutive motions that LNV brought to dismiss a portion of the Defendants' counterclaims based on the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Each was denied. LNV moved for interlocutory certification. That motion was denied.

The case proceeded through discovery. While it was ongoing, OSM and BF-Negev brought a motion for partial summary judgment requesting that the Court dismiss a number of the non-contract claims that LNV had pleaded against them because the parties' disputes over the two participations are governed by valid and binding contracts. That motion was granted.

Later, LNV filed two motions for summary judgment. The first sought summary judgment on OSM's counterclaims. The second, which was filed four months after the first, sought summary judgment on OSM's counterclaims, as well as LNV's claims that remained after the Court had granted OSM and BF-Negev's motion for partial summary judgment. The Court granted in part and denied in part LNV's motions for summary judgment, dismissed OSM's counterclaims and LNV's claims for declaratory relief, and granted summary judgment to LNV on the issue of liability on its claims for breach of contract. The parties stipulated to an award of damages in favor of LNV and against OSM in the amount of $344,546.20 and an award of damages in favor of LNV and

against BF-Negev in the amount of $65,699.00. The parties agreed to resolve LNV's request for attorneys' fees in a post-judgment motion.

LNV moved for an award of attorneys' fees and costs in the amount of $1,082,219.09. The requested amount comprises fees and costs of five law firms: (1) Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Baker Donelson); (2) McKenna Long & Aldridge LLP (McKenna Long); (3) Bowman and Brooke LLC; (4) Dorsey & Whitney LLP; and (5) Robins Kaplan LLP. Bowman and Brooke served as LNV's primary outside counsel from July 2013 to June 2014. Dorsey & Whitney served as LNV's outside counsel since July 2014.[1] LNV retained Robins Kaplan to assist with LNV's motion for interlocutory certification. LNV retained Daniel Carrigan, an attorney who moved from McKenna Long to Baker Donelson in March 2014, to advise LNV on issues relating to FIRREA. Fees and costs of Baker Donelson, McKenna Long, and Robins Kaplan are wholly attributable to the dispute that arose out of the Grand Palisades participation agreement. Fees and costs of Bowman and Brooke, as well as those of Dorsey & Whitney, are attributable to the disputes that arose of out the Grand Palisades participation agreement and the Bahia participation agreement. Bowman and Brooke's and Dorsey & Whitney's invoices were reviewed to determine whether entries relate to the Grand Palisades matter, the Bahia matter, or both. For entries that relate to both, 80% of the fee was allocated to the Grand Palisades matter, and 20% was allocated to the Bahia matter. Costs were divided into three categories: taxable, nontaxable, and nonrecoverable. LNV separately sought taxable costs. It did not seek costs it regarded as

[1] LNV filed the notice of withdrawal and substitution of counsel in August 2014.

nonrecoverable. It sought nontaxable costs here. Electronic research costs that relate to the Grand Palisades matter and the Bahia matter were allocated in the same manner as fees. LNV excluded electronic research costs for the Bahia matter from its request. The following table summarizes LNV's request for fees and costs.

**LNV's request for attorneys' fees and costs**

| | Attorneys' fees | | | Costs | | |
|---|---|---|---|---|---|---|
| Firm | Grand Palisades | Bahia | Total | Grand Palisades | Bahia | Total |
| Baker Donelson | 35,693.15 | | 35,693.15 | 43.35 | | 43.35 |
| McKenna Long | 119,604.00 | | 119,604.00 | 3,505.34 | | 3,505.34 |
| Bowman and Brooke | 330,821.66 | 28,658.68 | 359,480.34 | 63,924.86 | 236.37 | 64,161.23 |
| Dorsey & Whitney | 337,064.00 | 61,529.75 | 398,593.75 | 61,272.85 | 14,734.96 | 76,007.81 |
| Robins Kaplan | 25,000.00 | | 25,000.00 | 130.12 | | 130.12 |
| Total | 848,182.81 | 90,188.43 | 938,371.24 | 128,876.52 | 14,971.33 | 143,847.85 |

OSM and BF-Negev asserted that LNV's motion should be denied. According to OSM and BF-Negev, LNV is not the prevailing party with respect to its claims under the Grand Palisades participation agreement, and LNV's breach of the Grand Palisades participation agreement precipitated this action. OSM and BF-Negev also asserted that LNV's request is unreasonable. According to OSM and BF-Negev, LNV claimed an unreasonable number of hours and failed to provide sufficient evidence that the requested hourly rates are reasonable. They also asserted that LNV's requested award of attorneys' fees against BF-Negev is unreasonable because it is based on an allocation of 20% of the fees that were determined to relate to both the Grand Palisades and Bahia matters. Finally, OSM and BF-Negev asserted that LNV's requested award of costs should be reduced because costs were not adequately documented or were unnecessarily incurred.

In response to OSM's and BF-Negev's opposition to its motion, LNV revised its request for attorneys' fees and costs. It agreed that fees incurred because of the transition of the case from Bowman and Brooke to Dorsey & Whitney should be removed from its fee request. LNV reduced its request for fees incurred by Dorsey & Whitney on the Grand Palisades matter and the Bahia matter by $10,098 and $2,524.50, respectively. A summary of LNV's revised request for fees and costs appears below.

**LNV's revised request for attorneys' fees and costs**

| | Attorneys' fees | | | Costs | | |
|---|---|---|---|---|---|---|
| Firm | Grand Palisades | Bahia | Total | Grand Palisades | Bahia | Total |
| Baker Donelson | 35,693.15 | | 35,693.15 | 43.35 | | 43.35 |
| McKenna Long | 119,604.00 | | 119,604.00 | 3,505.34 | | 3,505.34 |
| Bowman and Brooke | 330,821.66 | 28,658.68 | 359,480.34 | 63,924.86 | 236.37 | 64,161.23 |
| Dorsey & Whitney | 326,966.00 | 59,005.25 | 385,971.25 | 61,272.85 | 14,734.96 | 76,007.81 |
| Robins Kaplan | 25,000.00 | | 25,000.00 | 130.12 | | 130.12 |
| Total | 838,084.81 | 87,663.93 | 925,748.74 | 128,876.52 | 14,971.33 | 143,847.85 |

Under the Grand Palisades participation agreement, a prevailing party may recover reasonable attorneys' fees and expenses:

> The Participant and the Lender agree that if either party commences against the other an action or proceeding arising out of or relating to the Credit or this Agreement, including its formation, the prevailing party shall be entitled to recover from the other its reasonable attorneys fees and expenses in that action or proceeding.

The Grand Palisades participation agreement provides that it "shall be governed by, and construed in accordance with, the laws of the State of New York (other than its conflicts of laws rules)." "As a general matter of New York law . . . when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended

by the prevailing party, so long as those amounts are not unreasonable." *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987).

Under the Bahia participation agreement, the lender agreed to reimburse certain expenses incurred by a participant:

> Lender hereby agrees to indemnify and hold harmless Participant and its directors, officers, employees, and affiliates (each of the foregoing entities "Indemnified Person of Participant") in connection with any losses, claims, damages, liabilities, or other expenses to which such Indemnified Persons of Participant may become subject, insofar as such losses, claims, damages, liabilities, or other expenses (or actions or other proceedings commenced or threatened in respect thereof) arise out of, or in any way relate to, or result from breach by Lender of this Agreement . . . . Lender further agrees to reimburse each Indemnified Person of Participant for any legal or other expenses incurred in connection with investigating, defending, or participating in any such loss, claim, damage, liability, or action or other proceeding (whether or not such Indemnified Person of Participant is a party to any action or proceeding out of which any such expenses arise).

The Bahia participation agreement states that it "shall be deemed to constitute a contract under and shall be construed and enforceable in accordance with the laws of the State of Minnesota." "The general rule in Minnesota is that 'attorney fees are not recoverable in litigation unless there is a specific contract permitting or a statute authorizing such recovery.'" *Dunn v. Nat'l Beverage Corp.*, 745 N.W.2d 549, 554 (Minn. 2008) (quoting *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn. 1983)); *see State Bank of Cokato v. Ziehwein*, 510 N.W.2d 268, 270 (Minn. Ct. App. 1994) ("Where loan documents authorize a lender to recover legal expenses associated with collection . . . Minnesota courts will enforce the provision as long as the fees are reasonable.").

The Court first considers the parties' dispute about whether LNV should be awarded reasonable attorneys' fees and costs under the Grand Palisades participation agreement. The Court dismissed OSM's counterclaims, dismissed LNV's non-contract claims, and entered an award in favor of LNV on its claims for breach of contract.[2] The Court concludes that LNV is the prevailing party under the Grand Palisades participation agreement. *See Sykes v. RFD Third Ave. I Assocs., LLC*, 833 N.Y.S.2d 76, 77-78 (N.Y. App. Div. 2007) ("[T]he court must consider the 'true scope' of the dispute litigated and what was achieved within that scope. To be considered a 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof." (citation omitted)); *cf. Phelps-Roper v. Koster*, 815 F.3d 393, 398 (8th Cir. 2016) ("[W]e have followed the Supreme Court and rejected calculating fee awards based simply on the number of claims upon which the plaintiff prevailed."). For essentially the same reasons set forth in the Order dated August 17, 2015,[3] the Court rejects OSM's argument that LNV is not entitled to an award of fees because of LNV's alleged breach of the Grand Palisades participation agreement.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

[2] Early in the litigation, the parties estimated their damages. OSM's estimate was approximately $3.6 million. LNV's estimate ranged from more than $300,000 to approximately $1.2 million. LNV asserted that it was entitled to approximately $65,000 from BF-Negev.

[3] In that Order, the Court concluded that "LNV's refusal to pay its share of the Extraordinary Expenses before the Collections were received therefore cannot justify or excuse OSM's refusal to deduct that amount from LNV's share of the Collections and pay it the rest."

hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours that are excessive, redundant, or otherwise unnecessary are not "reasonably expended" and should be excluded from the calculation. *Id.* at 434. "A request for attorney's fees should not result in a second major litigation." *Id.* at 437. "[T]he district court has discretion in determining the amount of a fee award." *Id.* "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."[4] *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).

LNV submitted billing records from the five law firms. It did not summarize the number of claimed hours by individual or by stage of the litigation. OSM and BF-Negev analyzed the billing records submitted by LNV.[5] With respect to the total fees attributable to Baker Donelson and McKenna Long, their analysis closely approximated the fees claimed by LNV. As to Dorsey & Whitney, the amount initially claimed by LNV is approximately $14,000 more than the amount that appeared in OSM and BF-Negev's analysis. The fees claimed reflect LNV and Dorsey & Whitney's agreement to bill attorney time at $450 per hour. OSM and BF-Negev's analysis used Dorsey & Whitney's 2015 rates. As to the fees attributable to Bowman and Brooke, OSM and BF-Negev's analysis yielded total fees that are substantially less than the fees claimed by

---

4 There are errors in the tables that the parties submitted to support their respective positions.

5 In its reply memorandum, LNV cited OSM and BF-Negev's analysis for the number of hours billed by LNV's attorneys.

LNV. One entry on Bowman and Brooke's bill for November 2013, as well as Bowman and Brooke's payment to LNV for fees incurred by Dorsey & Whitney with respect to a clawback issue, apparently explains most of the difference. The entry is claimed by "Practice Support" for "Document production project" in the amount of $60,000. Finally, OSM and BF-Negev's analysis overstated Robins Kaplan's total fees by approximately $5,700 because it incorrectly assigned several entries an hourly rate of $625 instead of hourly rates of $290 or $175. Robins Kaplan reduced its bill by approximately $15,000 because it had agreed to charge fees of no more than $25,000.

A substantial number of hours devoted to the litigation by LNV were not reasonably expended. LNV filed excessive, unnecessary, or meritless motions. It filed a motion to dismiss. While the motion was pending, it moved to limit discovery. That motion was denied. A few weeks later, LNV's motion to dismiss was denied. Three weeks later, LNV filed another motion to dismiss. That motion was denied. LNV moved for interlocutory certification. LNV satisfied none of the requirements. The Court denied its motion. LNV filed a motion for summary judgment. Less than two months after the motion was heard and while the motion was still under advisement, LNV filed another motion for summary judgment. The motions for summary judgment were granted in part and denied in part.

An exhibit attached to the declaration of an attorney of Dorsey & Whitney indicated that Dorsey & Whitney's bill would have been approximately 10% lower had its standard rates applied instead of the blended billing rate. Fees awarded to LNV based

on Dorsey & Whitney's fees will be reduced by 10%. The hourly rates charged by LNV's attorneys are otherwise reasonable.

To LNV's revised request, the Court makes the following reductions.

- $60,000 reduction to Bowman and Brooke's fees based on the $60,000 entry in November 2013 (Grand Palisades and Bahia)
- $50,000 reduction to Bowman and Brooke's fees and $50,000 reduction to McKenna Long's fees based on excessive motions to dismiss (Grand Palisades)
- $29,000 reduction to Bowman and Brooke's fees and $23,900 reduction to McKenna Long's fees based on LNV's motion to limit discovery (Grand Palisades)
- $25,000 reduction to Robins Kaplan's fees, $47,000 reduction to Bowman and Brooke's fees, and $28,000 reduction to Baker Donelson's fee's based on LNV's motion for interlocutory certification (Grand Palisades)
- $60,000 reduction to Dorsey & Whitney's fees based on excessive motions for summary judgment (Grand Palisades)
- 10% reduction to remaining fees of Dorsey & Whitney

In addition, the Court has calculated fees attributable to Bowman and Brooke by using the amounts that appeared on the "Bowman & Brooke Fees and Costs Summary" instead of the amounts that appeared on the "Fees and Costs Calculations."

For similar reasons, the Court makes the following reductions to the costs claimed by LNV: 50% reduction to Baker Donelson's costs and 50% reduction to McKenna Long's costs. Almost all of the costs incurred by Bowman and Brooke are attributable to contract attorneys who reviewed documents. Other than using the amounts that appeared on the "Bowman & Brooke Fees and Costs Summary" instead of the amounts that appeared on the "Fees and Costs Calculations," no reductions to Bowman and Brooke's

costs are made. The Court reduces the costs incurred by Dorsey & Whitney that are attributable to Grand Palisades by $1,500 to account for costs related to excessive motions. The Court excludes all costs incurred by Robins Kaplan.

In short, the Court awards LNV $511,217.60 in attorneys' fees and $139,813.36 in costs. The following table summarizes the award of fees and costs to LNV.

**Award to LNV**

| | Attorneys' fees | | | Costs | | |
|---|---|---|---|---|---|---|
| Firm | Grand Palisades | Bahia | Total | Grand Palisades | Bahia | Total |
| Baker Donelson | 7,693.15 | | 7,693.15 | 21.68 | | 21.68 |
| McKenna Long | 45,704.00 | | 45,704.00 | 1,752.67 | | 1,752.67 |
| Bowman and Brooke | 149,415.44 | 15,030.88 | 164,446.32 | 63,324.28 | 206.92 | 63,531.20 |
| Dorsey & Whitney | 240,269.40 | 53,104.73 | 293,374.13 | 59,772.85 | 14,734.96 | 74,507.81 |
| Robins Kaplan | - | | - | - | | - |
| Total | 443,081.99 | 68,135.61 | 511,217.60 | 124,871.48 | 14,941.88 | 139,813.36 |

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. LNV's Motion for Attorneys' Fees and Nontaxable Expenses [Docket No. 169] is GRANTED.

2. Attorneys' fees in the amount of $443,081.99 are awarded in favor of LNV and against OSM. Attorneys' fees in the amount of $68,135.61 are awarded in favor of LNV and against BF-Negev.

3. Costs in the amount of $124,871.48 are awarded in favor of LNV and against OSM. Costs in the amount of $14,941.88 are awarded in favor of LNV and against BF-Negev.

Dated: April 25, 2016

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge